**BAKER BOTTS** LLP

30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK
10112-4498

TEL  +1 212.408.2500
FAX +1 212.408.2501
BakerBotts.com

ABU DHABI   HOUSTON
AUSTIN      LONDON
BEIJING     MOSCOW
BRUSSELS    **NEW YORK**
DALLAS      PALO ALTO
DUBAI       RIO DE JANEIRO
HONG KONG   RIYADH
            WASHINGTON

July 10, 2014

Richard B. Harper
TEL: 212.408.2675
FAX: 212.259.2675
richard.harper@bakerbotts.com

**VIA ECF**

The Honorable Kenneth M. Karas
United States District Judge
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

    Re:    *ScentSational Technologies, LLC v. PepsiCo, Inc., et al.* (Case No. 13-cv-8645)

Dear Judge Karas:

    We represent the Defendants in the above-referenced matter. Pursuant to Rule II(A) of your Individual Rules of Practice, Defendants request a briefing schedule for a motion to dismiss the Amended Complaint or, in the alternative, a motion for more definite statement.

    Plaintiff adds to its Amended Complaint fifty-six paragraphs, but fails to address the fatal defects in the original Complaint. First, Plaintiff has chosen again not to provide a particularized description of its alleged trade secrets—despite a prior court hearing on the issue and the opportunity to do so by way of an amended complaint. Instead, Plaintiff adds more generic labels that reference alleged trade secrets, increasing the count from six to twenty-three (such as the "The Freshness Trade Secret"), and breaks those trade secrets into additional categories of those that have been disclosed and those that have not been disclosed. No matter how Plaintiff labels the claim, it continues to withhold the specifics, citing to *Defendants'* patent applications instead of actually defining *Plaintiff's* alleged trade secrets.

    Second, Plaintiff adds allegations relating to the dealings between Plaintiff and the Defendants, presumably to bolster the "special" relationship Plaintiff has conceded it must allege to bring a separate tort action for misappropriation of trade secrets. Plaintiff's allegations, however, confirm the tenuous nature of a potential vendor relationship rather than provide the building blocks of any special relationship between the parties.

    Accordingly, because of its defects, the Amended Complaint should be dismissed.

**BAKER BOTTS** LLP

The Honorable Kenneth M. Karas	- 2 -	July 10, 2014

## I.   Plaintiff Fails to Identify Its Trade Secrets with Sufficient Particularity

The Amended Complaint continues Plaintiff's strategy of withholding details of its alleged trade secrets and offering only to disclose them as a part of discovery: "ScentSational's Current Trade Secrets will only be disclosed in the instant action pursuant to a protective order executed by the parties and any agreed-upon third parties, and So Ordered by the Court." Am. Compl. at ¶ 32. Indeed, in response to the Court's statement that offering a particularized trade secret statement *now* would resolve this issue, the following ensued:

> PLAINTIFF COUNSEL: Yes, well, we would do that in response to an interrogatory after we were able to digest all the information that comes from the documents that we've gotten from our--
>
> THE COURT: But that's not what you promise in paragraph 27. You're adding conditions. You didn't say anything about that in paragraph 27.

Transcript of May 15, 2014 Pre-Motion Conference (Dkt. 27) at 23:20-24:1. In amending its Complaint, however, Plaintiff foregoes attaching a sealed exhibit identifying its alleged trade secrets and, in doing so, offers no more detail in its Amended Complaint than it did in its original Complaint.

What Plaintiff does offer is an increased number of "labels" for its alleged trade secrets, but with no increased specificity. Plaintiff's original Complaint offered six generalized labels regarding the alleged trade secrets such as the "Orange Juice Trade Secrets" and the "Consumer Study Trade Secret." *See* Compl. at ¶¶ 70-71. Now, while repeating the six generalized labels from the original Complaint, Plaintiff has added an additional seventeen labels for its alleged trade secrets, such as the "Freshness Trade Secret" and the "Wax Trade Secret." *See* Am. Compl. at ¶ 131. However, Plaintiff continues to make reference only to Defendants' patent applications.

Plaintiff fares no better by breaking up its alleged trade secrets (the seventeen plus labels) further into two groups of "disclosed" and non-disclosed (or "current") trade secrets. However, Plaintiff's categorization of its alleged trade secrets as "disclosed" or "current" does not elucidate the nature of the alleged trade secrets. Indeed, Plaintiff continues to merely reference *Defendants'* patent filings, which does little to detail *Plaintiff's* alleged trade secrets. *See, e.g.*, Am. Compl. at ¶ 131 ("The chart below . . . includes ScentSational's Trade Secrets . . . that PepsiCo misappropriated, disclosed and used in violation of its duties under the parties' confidential and contractual relationships to file and prosecute the '683 Application.").

## II.   Plaintiff Has Pled No Legal Duty Independent of the Agreements

As the Court may recall, the PepsiCo Defendants sought leave to file a motion to dismiss Plaintiff's tort claims as duplicative of Plaintiff's breach of contract claims because they are premised on the same conduct, namely, Defendants' purported use of Plaintiff's trade secrets in

**BAKER BOTTS** LLP

The Honorable Kenneth M. Karas　　　　　- 3 -　　　　　July 10, 2014

violation of certain confidentiality agreements. *See* Defs.' Mot. to Dismiss Letter (Dkt. 21) at 3. New York courts will only allow Plaintiff's tort claims to proceed if it has also pled an independent legal duty based on an extended course of dealing between the parties. *Document Sec. Sys., Inc. v. Coupons.com, Inc.*, No. 11-cv-6528, 2013 WL 1945954, at *4 (W.D.N.Y. May 9, 2013). Plaintiff, however, has pled no such course of dealing.

Although Plaintiff has added additional paragraphs in an attempt to bolster the relationship between the parties, the additional information raises more questions than it answers. For example, ScentSational claims that it entered into a development agreement with Frito-Lay in 2005, "under which ScentSational made scented packaging for PepsiCo." Am. Compl. at ¶ 98. Although Plaintiff claims it was "compensated" under the agreement, Am. Compl. at ¶ 66, it does not include the alleged agreement or its terms, nor does it state whether that compensation was nominal or significant. Additionally, Plaintiff claims that "PepsiCo would string along ScentSational with the prospects of Development Agreements" that the parties never executed. Am. Compl. at ¶ 67. That claim undermines Plaintiff's argument that the parties shared anything more than a conventional arms-length business relationship.

Indeed, courts have found an independent legal duty *only* where a plaintiff has pled an "extensive" course of dealing involving numerous lucrative agreements that create a close working relationship. *See* Defs.' Mot. to Dismiss Br. (Dkt. 29) at 18-21 (citing, e.g., *Apple Records, Inc. v. Capitol Records, Inc.*, 137 A.D.2d 50, 57-58 (1st Dep't 1988) (finding independent legal duty to exist where the course of dealing between the parties spanned over fifteen years and involved a series of exclusive manufacture and distribution agreements that proved very lucrative to the defendants)). Plaintiff continues to assert nothing more than a "seemingly unremarkable arms-length business relationship" which, without more, does not create an independent legal duty. *Document Sec. Sys., Inc.*, 2013 WL 1945954, at *4.

### III.　Proposed Briefing Schedule on the Motion to Dismiss

While Plaintiff does not agree with the relief sought in this letter, the parties agree with and propose for the Court's consideration the following briefing schedule: Defendants' opening brief on August 1, 2014; Plaintiff's responsive brief on August 22, 2014; and Defendants' reply brief on September 10, 2014. Of course, should the Court be inclined to conduct one, we are available to discuss these issues in a pre-motion conference.

Respectfully submitted,

Richard B. Harper